The State ex rel. Bergenthal vs. Bergenthal.

THE STATE EX REL. BERGENTHAL, Respondent, vs. BERGENTHAL, Appellant.

*September 20 — October 9, 1888.*

*Corporations: Right of stockholder to inspect accounts: Mandamus: Parties.*

1. A writ of *mandamus* to permit a stockholder to examine the books of a corporation is properly directed to the person having possession and control of them. Whether the corporation itself should be made a party to the proceeding is not a question to be considered on a motion to quash the writ, but the facts in that behalf should be made to appear by the return.

2. Although sec. 1757, R. S., is under the heading "Capital Stock," the "accounts" which are therein required to be open to the inspection of the stockholders include not only the stock accounts but also the general accounts of the corporation.

APPEAL from the County Court of *Milwaukee* County. The case is sufficiently stated in the opinion.

For the appellant there were briefs by *Finches, Lynde & Miller,* attorneys, and *E. P. Smith,* of counsel, and oral argument by *B. K. Miller, Jr.,* and *E. P. Smith.* To the point that at common law the right of a stockholder to examine the books of a corporation depended upon his ability to show to the court to which application was made that a special occasion had arisen which rendered it proper that he should have an opportunity to make such an examination in order to enable him to perform duty which devolved upon him as a stockholder, they cited Taylor on Ev. sec. 1346; *Rex v. Merchant Tailors Co.* 2 B. & Ad. 115; *Imp. Gas Co. v. Clark,* 7 Bing. 95; *Birmingham, B. & T. J. R. Co. v. White,* 1 Q. B. 282; *King v. Bank of Eng.* 2 B. & Ald. 620; *People ex rel. Bishop v. Walker,* 9 Mich. 328; *Comm. ex rel. Sellers v. Phœnix Iron Co.* 105 Pa. St. 111; 24 Cent. L. J. 367; Cook on Stocks, ch. 30 and sec. 515, note 2.

For the respondent there was a brief by *Stark & Sutherland,* and oral argument by *G. E. Sutherland.*

TAYLOR, J. The relator, *August Bergenthal,* filed his petition in the county court of Milwaukee county, asking that an alternative writ of *mandamus* be issed out of that court, directed to *William Bergenthal,* requiring him to permit the said relator to have inspection of and to examine certain books of the "William Bergenthal Company." The court issued the alternative writ, and thereupon *William Bergenthal* appeared and moved to quash the writ on the ground that there is a defect of parties defendant, and on the ground that the facts stated in the affidavit do not show a sufficient cause for granting the writ. The county court dismissed the motion, and *William Bergenthal* appeals to this court.

It is here insisted that the writ should have been directed to the company, as well as to the appellant, and also that the facts stated in the affidavit are not sufficient to justify

the court in issuing the writ, even against the appellant and the company jointly. The affidavit shows that the "William Bergenthal Company" is a corporation duly organized under the general laws of this state; that it has a capital stock of 1,000 shares of $100 each, or $100,000; that the affiant owned 116 shares of said capital stock, which was fully paid up; and that he is also a creditor of the corporation in the sum of $7,000. It then states that the appellant owns but one share of said capital stock; that he is treasurer, superintendent, or business manager of said corporation, and practically conducts the entire business of said company; that Anna Bergenthal, the wife of said *William*, is the nominal secretary of the company, but that her husband does all the business of secretary in her name; that the company has a set of books of the stock subscription and accounts of the company kept by the company at its office and place of business in the city of Milwaukee; and that said books are under the control of said appellant, *William Bergenthal*. It then states what books are kept by the company.

The affidavit then shows that the petitioner desired, as a stockholder of said company, to examine said books. That he addressed a letter to said *William Bergenthal*, requesting that he be permitted to examine the same. That *William Bergenthal* answered said request in writing, requesting the petitioner to inform him what kind of books he desired to see, and for what purpose, and added: "As you are a competitor of this company, we wish to say that we have to be careful about showing our books to you, in order not to expose our business. After seeing your purpose, we shall consider the matter carefully, and notify you of our decision." That, on the receipt of this, the petitioner addressed the following letter to the said *William Bergenthal:* "*William Bergenthal, Esq., President, etc.* — DEAR SIR: I am in receipt of your favor of the 12th inst., and in reply

would beg leave to remind you that I am a stockholder in the William Bergenthal Company, and it is purely *as such stockholder* that I desire the privilege of looking over the books of the company. You can readily see that it is very proper for me to have the permission I ask in order to properly *look after my interest* in the company, and it is undoubtedly a privilege I am entitled to. However, I have no desire to improperly interfere with the running of the business, and therefore repeat my request for you to name one or more days in the week when I can see the books relating to the affairs of the company. Please acknowledge receipt of this by early mail. Respectfully, AUGUST BERGENTHAL." And that to this letter no reply was made by *William Bergenthal* or by the company.

The affidavit then alleges that afterwards, and on the 8th day of November, 1887, the petitioner went in person to the office of the company, and, as a stockholder of said company, requested of the said *William Bergenthal*, who then knew that the petitioner was a stockholder of said company, and who then had the charge and control of the books of said company, the privilege of looking at the stock-books and books of account of said company, or some one or more of them, according as they were not then in use in the business of the company. It is further alleged that said *William Bergenthal* then and there positively refused to permit the petitioner to see, or in any manner examine or inspect, any of the books of said company at any time, except the stock-book, and gave as an excuse for not allowing such examination that the petitioner was engaged in a business which came in competition with the business of the William Bergenthal Company. The affidavit further alleges that, as a stockholder in said company, the petitioner, in good faith, made the request, and without intent to hinder the business of said company or to annoy its officers or employees, and alleges that the refusal of the appellant to permit him to

examine the books of said company was wrongful and unjust, and contrary to the statute in such case made and provided, and a denial of the rights by law given to the petitioner as a stockholder in said company, and a great damage and injury to him.

Upon the motion to quash the writ in question, whether the company is a proper party to the proceeding is not a question to be considered. The facts, as stated in the affidavit, show that the appellant has the possession and control of the books, and could permit an examination and inspection of them if he saw fit to do so. If there be any good reason why such inspection should not be permitted, or any good reason why the company should be made a party to the proceeding, such facts should be made to appear by the return to the writ, and not by a motion to quash. That the writ is properly directed to the person having the possession, custody, and control of the books seems to us to be fully sustained by the following authorities cited in the brief of the respondent: *People v. Throop*, 12 Wend. 185; *Bailey v. Strohecker*, 38 Ga. 259; *Queen v. Kendall*, 1 Q. B. 366; *St. Luke's Church v. Slack*, 7 Cush. 239; Cook on Stocks, § 516, note 4.

The petitioner clearly places his right to an inspection and examination of the books of the company upon the provisions of sec. 1757, R. S. 1878. If this section does, in terms, give a stockholder the right to an inspection of the books of the corporation containing its business transactions, then there can be no doubt but that the facts stated in the affidavit, upon which the writ issued, are sufficient to authorize the court to issue the writ. This is not seriously contended against by the learned counsel for the appellant, but they insist that no such right is given to a stockholder by the language of said section. It is contended that the word "accounts" in said section must be limited to the stock accounts, or to the stock-books and the books, if there

be any, containing the accounts of the company with its stockholders in relation to the stock held by them, and that it was not intended to be extended to or cover books containing the general accounts of the business of the corporation. It is urged that because the section is found under a heading ing "Capital Stock" it must be presumed that all the provisions under that heading relate to, or were intended to relate to, the capital stock of corporations. This presumption is negatived by the fact that matters relative to the general business of the company are treated of under this heading. Sec. 1759, R. S. But there is a better reason for holding that the word "accounts" was not intended by the legislature to be limited to stock accounts alone. The revision of 1878 was in great part a mere compilation of the then existing laws, and where such laws were inserted into the revision without change of language or amendment, they must receive the same construction as they would receive in the original act from which they were transferred to the revision. See sec. 4985, R. S.; *Laude v. C. & N. W. R. Co.* 33 Wis. 640; *Fullerton v. Spring,* 3 Wis. 667; *Smith v. Smith,* 19 Wis. 522; *State ex rel. Att'y Gen. v. Messmore,* 14 Wis. 115; *Buckstaff v. Hanville,* 14 Wis. 77. By examination we find that the first clause of sec. 1757, R. S., is substantially in the language of the first clause of sec. 15, ch. 144, Laws of 1872. The language of sec. 15, ch. 144, Laws of 1872, cannot be limited as it is attempted to be limited by its surroundings in the Revised Statutes. That sec. 15, ch. 144, Laws of 1872, was not intended to be limited to the stock-books or accounts of the corporation relating to the stock, is evident, as the last clause of the section relates to the general transactions and accounts of the corporation. This section not only provides that the stockholder may have an inspection of the stock-books and the general accounts, but it enjoins it as a duty upon the directors to make, at stated periods, a full statement of the ac-

counts, liabilities, and assets of the corporation.    As it stood in the original section it seems to us very clear the word "accounts" in the first clause should have the same meaning as the word "accounts" in the last clause.

We think the law which gives a stockholder in a corporation a right to have an inspection of the books of the corporation containing the accounts of the transactions of such corporation a salutary law.   The statute itself prevents its abuse by providing that such books shall only be open to inspection "at all reasonable times."   We think the statements in the affidavit make out a good case under the statute.    The motion to quash, being equivalent to a demurrer, admits the truth of all material allegations in the affidavit, and there is nothing appearing upon the face of the affidavit which could justify the corporation or the custodian of its books in refusing such inspection.

We are not called upon to determine whether the relator could justly demand an inspection of the books of the corporation, if it were made to appear that such inspection was demanded for the sole purpose of injuring the corporation in its business affairs, and not for the purpose of ascertaining the real situation of the business affairs of the corporation.

*By the Court.*— The order of the county court is affirmed, and the cause is remanded to the superior court of Milwaukee county for further proceedings.

See note to this case in 39 N. W. Rep. 568.— REP.