5] JANUARY TERM, 1921. 651

State ex rel. Dempsey v. Werra A. F. Co. 173 Wis. 651.

STATE EX REL. DEMPSEY, Respondent, vs. WERRA ALU-
MINUM FOUNDRY COMPANY and others, Appellants.

*March 8—April 5, 1921.*

*Corporations: Right of stockholder to inspect books: Motive:
Mandamus to enforce right.*

1. The common-law right of a stockholder of a corporation to
   inspect its books and records was a qualified right, and
   could be exercised only for a purpose not inimical to the
   interests of the corporation; but sec. 1757, Stats., requiring
   corporate books to be kept open for the inspection of stock-
   holders, gives them an absolute and unconditional right of
   inspection, regardless of the motive which prompted it.
2. Such statutory right to inspect the books and records of a
   corporation can be enforced by *mandamus*, regardless of the
   motives of the stockholder, since judicial discretion should
   not be exercised to withhold *mandamus* to enforce a clear
   right conferred by statute when no other remedy is available.
   [Whether the stockholder could confer his personal right of
   inspection on a stranger who seeks information, not for the
   benefit of the stockholder but for the purpose of injuring the
   company, not decided.]
3. In an application for *mandamus* to compel a corporation to
   permit inspection of its books by a stockholder, the relator
   can allege, on information and belief, a demand for such in-
   spection by his attorney in fact and the refusal thereof by the
   officers of the corporation, since those matters were not with-
   in his personal knowledge.
4. A proceeding by *mandamus* is essentially a civil action so far
   as the rules and practice as to pleadings are concerned.

APPEAL from a judgment of the circuit court for Wau-
kesha county: MARTIN L. LUECK, Circuit Judge. *Af-
firmed.*

Relator is a stockholder of the appellant corporation.
He was also the bookkeeper and treasurer thereof from
sometime in 1913 until the 13th day of May, 1920, the date
on which he resigned. On the 14th day of May he de-
manded, through Henry Lockney, his attorney in fact, an
inspection of the books and records of said corporation.

which was refused. This is a *mandamus* proceeding brought to compel the corporation and its officers to permit the inspection demanded. A motion to quash the writ was denied by the circuit court. The corporation thereupon filed return to the writ in which, among other things, it was alleged that the purpose of the examination of its books and records was to get into the hands of the attorneys for the relator and others employed by him certain valuable information that can be delivered to the competitors of the respondent corporation with relator's said stock; that such action on relator's part would cause great and irreparable damage to the respondent corporation and to all of its stockholders other than the relator; that since this action was commenced the relator has made efforts to dispose of his stock in the *Werra Aluminum Foundry Company* to competitors of the said company; that the purpose of his attempt to dispose of his stock in said company to competitors of the respondent corporation is to secure for himself a price far in excess of the real value of the stock, because of the information which the competitor might secure as to the conduct of the business of the respondent corporation, and further to irreparably damage the said respondent corporation and its stockholders, other than himself, by allowing its competitors to secure information for their benefit as to the conduct of the business of the respondent corporation, to the detriment of said corporation and all of its stockholders other than relator.

The relator demurred to the return, and from a judgment sustaining the demurrer and directing the issuance of a peremptory writ of *mandamus* addressed to the appellant corporation and its principal officers commanding them to permit the inspection of the books and records as prayed for, the corporation and its officers bring this appeal.

For the appellants there was a brief by *Frame & Blackstone* of Waukesha, and oral argument by *A. L. Blackstone.*

For the respondent there was a brief by *Lockney & Lowry* of Waukesha, and oral argument by *J. K. Lowry.*

Owen, J. Relator claims that he has an absolute right to an inspection of the books and records of the corporation by virtue of the provisions of sec. 1757, Stats., which provides as follows:

"The books of every corporation containing the stock subscriptions and accounts shall at all reasonable times be open to the inspection of the stockholders; and every creditor of a corporation shall be informed at any time of the amount of capital stock of such corporation subscribed, the amount paid in, who the stockholders are, the number of shares of stock owned by each and the amount unpaid by each stockholder upon the shares owned by him, and if any shares of stock, which were not fully paid for, have been transferred within six months of the time of inquiry, the name of the person who transferred the same and the amount due thereon at the date of such transfer. And the officers of such corporation shall furnish any such creditor correct information thereof. And any officer refusing, when requested so to do, shall be liable for any damage caused thereby."

Appellants contend that this statutory provision does not confer upon a stockholder of a corporation an absolute right to an inspection of the books and records thereof, but that the right is a conditional one and can be exercised only for a proper purpose; that the purpose for which relator desires the inspection is inimical to the best interests of the corporation, and that a court should not assist him in obtaining that right by the issuance of a writ of *mandamus,* which is a writ to be issued in the discretion of the court.

At common law a stockholder enjoyed the right of inspection of the books and records of a corporation for purposes not inimical to its interests. The right as it existed at common law was a qualified right, and courts did not issue writs of *mandamus* to secure such right where they disapproved of the motives prompting the demand

therefor.  In most of the states this right has been declared by statutes similar to our sec. 1757.  Whether this statutory right is absolute or conditional is a question upon which the decisions are not in accord.  However, we think that the great weight of authority is to the effect that the statutory right is absolute, and that courts will not inquire into the motives of the stockholder who demands the inspection. See notes in 45 L. R. A. 446; 20 L. R. A. n. s. 185; 42 L. R. A. n. s. 332, and 107 Am. St. Rep. 674.  Special attention is also called to *Kimball v. Dern,* 39 Utah, 181, 116 Pac. 28, where the authorities bearing upon the subject are exhaustively reviewed.

It is clear to us that the legislative purpose in enacting sec. 1757 was to afford a stockholder of a corporation an opportunity to fully inform himself with reference to the affairs of the corporation.  This is in conformity with the self-evident principle that a person is entitled to full information concerning his individual business affairs.  To deny him this right because, forsooth, it is feared that he may use the information to the disadvantage of the corporation is to say that one legitimately may be kept in ignorance of his own business affairs.  In our judgment the purpose of the statute was to enlarge rather than merely declare the rights of stockholders as they existed in this respect at common law.  This being a right conferred by statute as an integral part of the legislative scheme according to which corporations are permitted to exist, courts cannot withhold the writ of *mandamus* to enforce that right without thwarting the legislative will.  Judicial discretion should not be exercised to withhold the writ of *mandamus* to enforce a clear right conferred by statute when no other remedy is available to secure such right.  To do so amounts to judicial assumption of legislative prerogatives, emasculates or annuls legislative enactments, and savors of judicial government.  In specifying the conditions of corporate

existence the legislature may provide that every person who invests his money in a corporate enterprise shall have access to the books and records of the corporation, and we regard it as the judicial function to enforce the legislative will without condition or qualification. We therefore hold that sec. 1757 secures to stockholders of a corporation the absolute right to inspect the corporate books and records and that *mandamus* will issue as a matter of course to enforce such right. An attempt on the part of the stockholder to make an unlawful use of such information is quite another matter. While his right to the information is absolute, it does not follow that he can make an unlawful use thereof. What would constitute an unlawful use is not here involved. The principle here decided is that he cannot be denied the information because of the motives which prompt him to seek the same.

It is to be noted that the inspection demanded in this case was not refused because some person other than the stockholder himself, acting as his attorney in fact, was to make the inspection. The right granted by the statute is a right personal to the stockholder, and while in many instances it is no doubt necessary that the stockholder act through an agent or attorney in fact who is competent to properly interpret the books and records, yet if the stockholder should attempt to confer this right on a stranger who seeks the information not for the benefit of the stockholder but for the purpose of injuring the corporation, such as a competitor in business of the corporation, another question would be presented, upon which we now express no opinion. The denial of the right of inspection is not sought to be justified in this case because Mr. Lockney was serving the interest of any one other than the relator.

The sufficiency of the petition is also challenged because the demand of relator's attorney in fact for an inspection of the books and records and the refusal thereof was alleged

upon information and belief.    Of this the relator did not have personal knowledge and he could not make the allegation in any other form.    We think the allegation was sufficient.    "It has long been established in this state that a proceeding by *mandamus* is essentially a civil action so far as the rules and practice as to pleadings are concerned." *State ex rel. Milwaukee Co. v. Buech,* 171 Wis. 474, 177 N. W. 781.    The judgment, therefore, should be affirmed.

*By the Court.*—Judgment affirmed.