State ex rel. Harvey v. Plankinton Arcade Co. 182 Wis. 20.

*October 18—November 13, 1923.*

*Pleading: Allegations on information and belief: When permissible: Right of stockholder to examine corporate records: Appeal for purpose of delay: Double costs.*

1. As a general rule, facts which are presumptively within the knowledge of the party pleading should be alleged positively and not upon information and belief. p. 22.
2. In *mandamus* by a stockholder to require a corporation to permit him to examine the books of the corporation, an allegation in the petition "that, as this petitioner is informed and verily believes," on a specified date "this petitioner, through his duly authorized agents [naming them], made a demand upon the said defendants . . . that he be permitted to examine the accounts" of the corporation, was not an allegation on information and belief that the named persons were his authorized agents, but that such agents made the demand which was refused. p. 22.
3. The appeal from an order overruling a demurrer to the petition being devoid of merit, and this court being convinced that it was taken for the purpose of delay, the order will be affirmed with double costs. p. 22.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

State ex rel. Harvey v. Plankinton Arcade Co. 182 Wis. 20.

*Mandamus.* In his petition relator alleges that he is and was a stockholder in the *Plankinton Arcade Company,* a corporation organized and existing under the laws of the state of Wisconsin, and that the individual defendants are officers thereof.

"That, as this petitioner is informed and verily believes, heretofore, to wit, on the 18th day of October, 1922, this petitioner, through his duly authorized agents, Reilly, Penner & Benton, certified public accountants, made a demand upon the said defendants at the office of the *Plankinton Arcade Company* in the Plankinton Arcade Building in the city and county of Milwaukee, state of Wisconsin, where the said accounts are kept, and during the business hours on the said day, that he be permitted to examine the accounts of the said *Plankinton Arcade Company,* as·he was and is in law entitled to do in accordance with sec. 1757 of the Revised Statutes of the state of Wisconsin, made and provided, and that the said defendants refused to permit this plaintiff and the said Reilly, Penner & Benton, certified public accountants, so to examine the said accounts."

Relator prayed that a peremptory writ of *mandamus* issue commanding said *Plankinton Arcade Company* and the individual defendants and officers thereof to permit the relator, by his authorized agents, to examine the books and accounts of the said *Plankinton Arcade Company.* The defendants demurred to the petition and moved to quash the writ, assigning as grounds therefor that the petition did not state facts sufficient to entitle the relator to the relief sought. The court, in a single order, overruled the demurrer and denied the motion to quash. From such order the defendants appealed.

For the appellants there was a brief by *McGovern, Hannan, Devos & Reiss* of Milwaukee, and oral argument by *Francis E. McGovern.*

For the respondent there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *Irving A. Fish,* of counsel, all of Milwaukee, and oral argument by *Irving A. Fish* and *J. H. Marshutz.*

State ex rel. Harvey v. Plankinton Arcade Co. 182 Wis. 20.

OWEN, J.   It is a general rule of pleading that facts which are presumptively within the knowledge of the party pleading should be alleged positively and not upon information and belief.   31 Cyc. 108; *Fairbanks v. Isham,* 16 Wis. 118; *Steinberg v. Saltzman,* 130 Wis. 419, 110 N. W. 198.   The demurrer interposed herein challenges the sufficiency of the allegation made upon information and belief which is set forth in the statement of facts.   It was held in *State ex rel. Dempsey v. Werra A. F. Co.* 173 Wis. 651, 182 N. W. 354, that where a demand for an inspection of the books and records of a corporation was denied to the stockholder, and the demand was made by the stockholder's attorney in fact, an allegation on information and belief was sufficient, because such facts were not within the personal knowledge of the relator.

Appellants assail the instant allegation not because the allegation of the demand and refusal was on information and belief, but because, it is claimed, the fact that Reilly, Penner & Benton were relator's authorized agents is so alleged, while relator should have personal knowledge of that fact.   There is no merit in the contention.   The gist of the allegation is that a demand was made by the petitioner through his authorized agents for an examination and inspection of the accounts and books of the corporation, which demand was refused.   It cannot be construed as an allegation upon information and belief that Reilly, Penner & Benton were relator's authorized agents.   True, the petition nowhere in affirmative language states that Reilly, Penner & Benton were the authorized agents of the relator, but it is clearly and unequivocally implied from the language of the allegation, the legal effect of which is a demand for, and refusal of, the inspection of the books.   The mention of the agents was merely to indicate that the demand was not made personally by the petitioner, and authorized the allegation upon information and belief.

The appeal is so devoid of merit, and we are so strongly

State ex rel. Harvey v. Plankinton Arcade Co. 182 Wis. 23.

impressed that the defense interposed was for the purpose of delay, that, pursuant to the discretion vested in this court by sec. 2951, Stats., the order appealed from will be affirmed with double costs.

*By the Court.*—So ordered.