State ex rel. Harvey v. Plankinton Arcade Co. 182 Wis. 23.

STATE EX REL. HARVEY, Respondent, vs. PLANKINTON AR-CADE COMPANY and others, Appellants.

*October 18—November 13, 1923.*

*Corporations: Right of stockholder to inspect books: Of director: Abatement: Other action pending: Counterclaim.*

1. A stockholder in a corporation has a positive, full, and complete right to inspect its books.   p. 25.
2. Where a stockholder brought an action as such to compel the corporation to permit him to examine its books, a subsequent action of *mandamus,* brought by him as a director, to require the corporation to permit such examination will be abated, since he had no greater right of access to the books as a director than as a stockholder.   p. 26.
3. In such action the corporation could not counterclaim for removal of the relator as a director on the ground of misconduct in his official capacity as secretary of the corporation, such counterclaim not being authorized by sec. 2656, Stats., and there being no allegation that relator was a nonresident.   p. 27.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Reversed in part and affirmed.*

Relator alleges in his petition that at all the times therein mentioned he was a stockholder and director in the *Plankinton Arcade Company,* a corporation organized and existing under the laws of the state of Wisconsin; that the individual defendants are officers and directors thereof; that on the 14th day of November, 1922, he made a demand upon various officers of the corporation for an inspection of the

books and accounts of said corporation in order that he might properly perform his duties as director thereof, all of whom refused such inspection and examination and excluded him from access to such books and accounts; that at a directors' meeting held on the 14th day of November, 1922, he stated that demands were made by him upon the officers of the company for an inspection of the books and accounts and that such demands had been refused, and at said meeting made demand upon the board of directors that he have access to, and that he be permitted to inspect, the books, documents and accounts, and all the vouchers thereto of said *Plankinton Arcade Company* so that he might properly inform himself of the condition of said company and its affairs in order that he might properly perform his duties as a director, and that such board of directors refused the relator access to and personal inspection of the books and accounts of said company; that the said defendants *A. J. Harvey, Ernest R. Harvey, H. K. Curtis, Floyd H. Stover,* and *Martin P. Wendt* constitute a majority of the board of directors of said *Plankinton Arcade Company* and acted in concert in refusing this petitioner access to the accounts and books of said company.

The relator prayed for a peremptory writ of *mandamus* commanding the said officers and directors of said company to permit relator to examine the books, records, documents and accounts, and the vouchers thereto of the *Plankinton Arcade Company.* An alternative writ of *mandamus* issued as prayed. As and for a return the defendants interposed a number of pleas in abatement and a counterclaim, which, so far as material, will be referred to in the opinion. The court sustained demurrers to each and all of the pleas in abatement and the counterclaim, and directed that a peremptory writ issue as prayed. From such order this appeal is taken.

For the appellants there was a brief by *McGovern, Hannan, Devos & Reiss* of Milwaukee, and oral argument by *Francis E. McGovern.*

State ex rel. Harvey v. Plankinton Arcade Co. 182 Wis. 23.

For the respondent there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *Irving A. Fish,* of counsel, all of Milwaukee, and oral argument by *Irving A. Fish* and *J. H. Marshutz.*

OWEN, J.   In this action the relator seeks to obtain exactly the same relief sought in *State ex rel. Harvey v. Plankinton Arcade Co.,* decided herewith (*ante,* p. 20, 195 N. W. 903), with this difference: in that action he based his right for an inspection of the books of the corporation upon the fact that he was a stockholder therein; in this action he seeks to base his right upon the fact that he was a director of the corporation, and that an inspection of the books and accounts thereof was necessary to enable him to perform the duties of his office as director.   In this case five members of the board of directors are made parties defendant in addition to the officers of the company made defendants in that case.   In the return to the alternative writ the pendency of the other case was set up by the defendants as a plea in abatement. This plea should have been sustained.   In this case the alternative writ issued on the 22d day of November, 1922.   The order overruling the demurrer to the petition and denying the motion to quash the alternative writ in the former action was made November 9, 1922, and an appeal was taken therefrom on the 14th day of November, 1922.   When this action was commenced, therefore, the former action was pending and relator should not have been permitted to proceed with the present action unless the relief, or some portion thereof, sought in this proceeding could not be afforded him in the proceeding then pending.

The right of a stockholder to inspect the books of a corporation is positive, full, and complete.   *State ex rel. Dempsey v. Werra A. F. Co.* 173 Wis. 651, 182 N. W. 354.   A director has no other or greater rights in this respect than any stockholder of the company.   The court could award no other or different inspection in this action than could

have been awarded in the action then pending. No right could be established or secured herein that could not be established and secured in the stockholder's action. Under such circumstances the second action should be abated. See 1 Ruling Case Law, 10 *et seq.;* 26 Cyc. 184, and cases there cited. The fact that in this case five directors were made parties defendant who were not parties to the pending action is of no significance. The only persons necessary to have before the court in order to enforce the right of inspection are those officers having custody and control of the books of the corporation. The relief which the court may afford the relator can be no broader or more complete in this action than in the former by reason of the fact that five members of the board of directors are here made parties defendant. As the plea here considered was sufficient to abate the action, it becomes unnecessary to consider other similar pleas set up in the return.

The return also set up by way of counterclaim certain misconduct on the part of the relator in his official capacity as secretary of the company, which office he held from the 27th day of December, 1920, until the 29th day of December, 1921, and asks that by reason of such misconduct as secretary of the company he be removed from his office as a director thereof. Whether a counterclaim may be pleaded in a return to a writ of *mandamus* is a question that seems not to have been considered in this state. Such practice was not permitted at common law, although it appears to have been sanctioned, at least *sub silentio,* in a few states. 26 Cyc. 460, and cases there cited. It is not necessary for us to decide whether in any case such practice is permissible in a *mandamus* action, because the facts alleged in the counterclaim do not bring it within any of the cases specified within sec. 2656, Stats., which prescribes the conditions under which a counterclaim may be pleaded.

Appellants claim that the counterclaim falls under the first and third specifications of that section. Those provis-

State ex rel. Harvey v. Plankinton Arcade Co. 182 Wis. 23.

ions authorize the pleading of a counterclaim arising out of the following causes of action:

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action."

"(3) Where the plaintiff is a nonresident of the state any cause of action whatever, arising within the state and existing at the commencement of the action, except that no claim assigned to the defendant shall be pleaded by virtue alone of this subdivision."

Clearly the counterclaim does not fall under the first subdivision. The cause of action attempted to be set up in the counterclaim does not arise out of the transaction set forth in the petition as the foundation of relator's claim nor is it connected with the subject of relator's cause of action. In order to be pleadable under the third subdivision it must appear that the relator is a nonresident of the state. This fact is a necessary allegation of the counterclaim, as it constitutes the very foundation of the right to set up the counterclaim where it is not authorized by the other provisions of sec. 2656. There is no such allegation in this counterclaim, although we gather from allegations contained in other parts of the return that during the year when the relator was secretary of the company he was a nonresident of the state. Such allegations, however, are not incorporated in the counterclaim by reference, and the right of the defendants to set up the counterclaim must be decided by the allegations contained therein. For these reasons the demurrer to the counterclaim was properly sustained.

*By the Court.*—So much of the order as sustained the demurrer to the second plea in abatement is reversed, and cause remanded with directions to overrule the demurrer to the second plea in abatement. In all other respects the order is affirmed.