STATE EX REL. MANDELKER, Respondent, vs. MANDELKER, imp., Appellant.

*December 3, 1928—January 8, 1929.*

520

*Edgar L. Wood* of Milwaukee, for the appellant.

For the respondent there was a brief by *Churchill, Bennett & Churchill* of Milwaukee, and oral argument by *W. H. Churchill*.

ROSENBERRY, J. The relator claims the right to examine the corporate records and books of account under the provisions of sec. 182.10, Stats., which is printed in the margin.[1]

This statute has been considered and interpreted in a number of cases. It has been held to confer a clear statutory right enforceable by *mandamus* (*State ex rel. Quinn v. Thompson's M. F. Co.* 160 Wis. 671, 152 N. W. 458); an absolute right, and further that the courts will not inquire into the motives of the stockholder who demands the inspection (*State ex rel. Dempsey v. Werra A. F. Co.* 173 Wis. 651, 182 N. W. 354); an enlargement and extension of the

---

[1] Section 182.10. *Stockholder may inspect books; creditor entitled to information.* The books of every corporation containing the stock subscriptions and accounts shall at all reasonable times be open to the inspection of the stockholders; and every creditor of a corporation shall be informed at any time of the amount of capital stock of such corporation subscribed, the amount paid in, who the stockholders are, the number of shares of stock owned by each and the amount unpaid by each stockholder upon the shares owned by him, and if any shares of stock, which were not fully paid for, have been transferred within six months of the time of inquiry, the name of the person who transferred the same and the amount due thereon at the date of such transfer. And the officers of such corporation shall furnish any such creditor correct information thereof. And any officer refusing, when requested so to do, shall be liable for any damage caused thereby.

right to inspection as it existed at common law (*State ex rel. McClure v. Malleable I. R. Co.* 177 Wis. 582, 187 N. W. 646). In *State ex rel. Harvey v. Plankinton Arcade Co.* 182 Wis. 23, 195 N. W. 904, it is said: "The right of a stockholder to inspect the books of a corporation is positive, full, and complete." And in *Northern Wis. Co-op. Tobacco Pool v. Oleson,* 191 Wis. 586, 211 N. W. 923, the right is said to be absolute and undeniable. The extent of the right conferred has been defined in the following cases: *State ex rel. Bergenthal v. Bergenthal,* 72 Wis. 314, 39 N. W. 566; *In re Citizens S. & T. Co.* 156 Wis. 277, 145 N. W. 646; *State ex rel. McClure v. Malleable I. R. Co.* 177 Wis. 582, 187 N. W. 646.

As will be seen from the statement of facts, the respondent does not deny the right of the relator to inspect the books of the corporation personally, but they deny his right to do so unless it shall be made to appear that for some reason he is incapacitated from doing it personally, in which event it is conceded he would have the right to do it by his agent. Some discussion is indulged in in the brief of respondent attempting to distinguish the right which the relator has under the statute from a so-called inherent right. The distinction appears to us to be immaterial. If he has a right under the statute it is a right which the courts will enforce and protect. No doubt the right is personal in that the stockholder cannot transfer it to another for any ulterior or improper purpose. The sole question raised here is the right of a stockholder to have the inspection made by a properly qualified agent who acts solely for him and in his behalf. We have carefully considered the arguments made by the respondent, who frankly concedes that in the event that the stockholder is either incompetent or for any reason incapacitated from making a personal examination, he then has the right to have it done by his representative; and it is considered that under the facts in this case the relator was

entitled to have the examination made for him and on his behalf by his designated agent. No question is raised either as to the competency of the agent to make the examination or any claim made that he was making it for any other purpose or on any other behalf than in the interest of and for the benefit of the relator. There may exist in cases very persuasive reasons why a stockholder should wish an examination to be made by a disinterested accountant, who acts for him and as his agent. The result of such disinterested examination would, in the event of a contest between stockholders, be of much greater probative force than when made by the stockholder himself, who is of necessity an interested party. On the other hand, no reason occurs to us and none is pointed out why the relator should be compelled to make the examination personally under the facts and circumstances as they exist in this case.

In *State ex rel. Dempsey v. Werra A. F. Co., supra,* it was held that an examination might be made by an attorney. In that case the court said:

"The right granted by the statute is a right personal to the stockholder, and while in many instances it is no doubt necessary that the stockholder act through an agent or attorney in fact who is competent to properly interpret the books and records, yet if the stockholder should attempt to confer this right on a stranger who seeks the information not for the benefit of the stockholder but for the purpose of injuring the corporation, such as a competitor in business of the corporation, another question would be presented."

On behalf of the respondent it is urged that by necessary inference it is held that unless it is necessary for a stockholder to act through an attorney he must act personally. We think taken as a whole the language is not properly subject to that interpretation. If a stockholder should attempt to transfer the right to a third person who sought the information for purposes detrimental to the corporation, the intimation is that a situation would be presented which was

not there considered by the court, and that situation is not before us in this case and is not considered here.

It is further urged that the writ as issued is too broad. The writ in legal effect requires the respondent to allow and permit such an examination of the books of the respondent corporation as the relator would under the statutes of the state of Wisconsin be entitled to make personally.

In *State ex rel. Dempsey v. Werra A. F. Co., supra,* it was held that the court had no right to withhold relief under the statute in a proper case, and no reason is perceived why an inspection and examination to be made by the agent of the relator should not be co-extensive with the right of examination and inspection conferred upon the relator himself by the statute.

*By the Court.*—Order appealed from is affirmed.

