Pick, Appellant, vs. Wesbar Stamping Corporation, Respondent.

*April 18—May 20, 1941.*

For the appellant there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Thomas O'Meara, Jr.*

For the respondent there was a brief by *Simester & Showalter* of West Bend, and oral argument by *T. W. Simester*.

FRITZ, J.   The trial court denied the petition for the inspection of respondent's books of account and records principally on the ground that Pick is in a position, as an officer and the manager of a competitive business, where he cannot exercise his full right, under sec. 182.10, Stats., as a stockholder of the respondent corporation because to do so he necessarily must exceed any right or authority, which he may have, to the certain detriment of the respondent.   In view of the provisions of sec. 182.10, Stats., and the manner in which they have been consistently construed and applied in the decisions of this court, the ground relied upon by the court cannot be deemed sufficient to warrant the denial of Pick's right, as a stockholder, to the inspection which he seeks to make under

that statute. In *State ex rel. Bergenthal v. Bergenthal,* 72 Wis. 314, 319, 320, 39 N. W. 566, the treasurer and manager of the corporation refused to allow an inspection by a stockholder on the ground that as he was a competitor, the corporation had to be careful about showing its books to him in order not to expose its business. This court said, in affirming the trial court's order which commanded the corporation to allow the inspection,—

"That sec. 15, ch. 144, Laws of 1872, was not intended to be limited to the stockbooks or accounts of the corporation relating to the stock, is evident, as the last clause of the section relates to the general transactions and accounts of the corporation. . . . We think the law which gives a stockholder in a corporation a right to have an inspection of the books of the corporation containing the accounts of the transactions of such corporation a salutary law. . . . We are not called upon to determine whether the relator could justly demand an inspection of the books of the corporation, if it were made to appear that such inspection was demanded for the sole purpose of injuring the corporation in its business affairs, and not for the purpose of ascertaining the real situation of the business affairs of the corporation."

Likewise in *State ex rel. Dempsey v. Werra A. F. Co.* 173 Wis. 651, 653, 654, 182 N. W. 354, this court said, in affirming an adjudication commanding the corporation to allow such an inspection,—

"Appellants contend that this statutory provision does not confer upon a stockholder of a corporation an absolute right to an inspection of the books and records thereof, but that the right is a conditional one and can be exercised only for a proper purpose; that the purpose for which relator desires the inspection is inimical to the best interests of the corporation, and that a court should not assist him in obtaining that right by the issuance of a writ of *mandamus* which is a writ to be issued in the discretion of the court. . . . We think that the great weight of authority is to the effect that the statutory right is absolute, and that courts will not inquire into the mo-

tives of the stockholder who demands the inspection. . . . It is clear to us that the legislative purpose in enacting sec. 1757 was to afford a stockholder of a corporation an opportunity to fully inform himself with reference to the affairs of the corporation. This is in conformity with the self-evident principle that a person is entitled to full information concerning his individual business affairs. To deny him this right because, forsooth, it is feared that he may use the information to the disadvantage of the corporation is to say that one legitimately may be kept in ignorance of his own business affairs. . . . This being a right conferred by statute as an integral part of the legislative scheme according to which corporations are permitted to exist, courts cannot withhold the writ of *mandamus* to enforce that right without thwarting the legislative will. Judicial discretion should not be exercised to withhold the writ of *mandamus* to enforce a clear right conferred by statute when no other remedy is available to secure such right. To do so amounts to judicial assumption of legislative prerogatives, emasculates or annuls legislative enactments, and savors of judicial government. In specifying the conditions of corporate existence the legislature may provide that every person who invests his money in a corporate enterprise shall have access to the books and records of the corporation, and we regard it as the judicial function to enforce the legislative will without condition or qualification. We therefore hold that sec. 1757 secures to stockholders of a corporation the absolute right to inspect the corporate books and records and that *mandamus* will issue as a matter of course to enforce such right. An attempt on the part of the stockholder to make an unlawful use of such information is quite another matter. While his right to the information is absolute, it does not follow that he can make an unlawful use thereof. What would constitute an unlawful use is not here involved. The principle here decided is that he cannot be denied the information because of the motives which prompt him to seek the same."

The foregoing decisions are followed with approval in *State ex rel. McClure v. Malleable I. R. Co.* 177 Wis. 582, 187 N. W. 646; and *State ex rel. Mandelker v. Mandelker,*

197 Wis. 518, 222 N. W. 786. As the statutory right to the inspection in question has been held repeatedly by this court to be an absolute right of a stockholder and has become an integral part of the legislative scheme according to which corporations are permitted to exist, it is rather within the province of the legislature to modify or condition the exercise of this right than for the courts to withhold *mandamus* to enforce the right and thereby thwart the legislative will. It has been brought to our attention that the present legislature has under consideration a bill to somewhat qualify the purposes for which an inspection may be made by a stockholder, and if there is any such change by a legislative enactment it will likewise be the judicial function to enforce the legislative will.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order denying respondent's motion to quash the writ issued herein; and for further proceedings according to law.