James J. WHITE, Plaintiff,

v.

JACOBSEN MANUFACTURING CO. and
Victor E. Bunck, Defendants.

No. 68–C–360.

United States District Court
E. D. Wisconsin.

Dec. 5, 1968.

Laurence C. Hammond, Jr., Charles Q. Kamps, John S. Holbrook, Jr. and William A. Stearns, Milwaukee, Wis., for plaintiff.

Donald A. Butchart and Emery B. Benson, Racine, Wis., for defendants.

## OPINION AND ORDER

REYNOLDS, District Judge.

This action has been instituted by James J. White for the purpose of securing equitable relief, entitling him as a shareholder to access to the shareholder records of the defendant, Jacobson Manufacturing Company (hereinafter referred to as "Jacobsen").

Mr. White first appeared in this court on November 27, 1968, seeking an ex parte order permanently enjoining defendants from (a) further solicitation in any manner of votes, whether by proxy or otherwise, from shareholders of Jacobsen, (b) further solicitation in any manner of support for the slate of nominees for the board of directors of Jacobsen proposed by the management of Jacobsen, and (c) from holding the next meeting of shareholders of Jacobsen unless and until plaintiff shall have been afforded the right to inspect and extract from the record of shareholders of Jacobsen the names of all shareholders entitled to vote at the next shareholders' meeting, together with the addresses of such shareholders and the number of

shares of Jacobsen owned by each at least twenty days in advance of the next meeting of shareholders. This court set the matter for hearing and directed plaintiff to serve defendants with notice of the hearing and all pertinent pleadings. An evidentiary hearing was held on December 2–3, 1968, at which time the court considered the testimony and exhibits presented.

Plaintiff founds his claim on the provisions of § 180.43(2) of the Wisconsin Statutes which states:

"Any person who shall have been a shareholder of record for at least 6 months immediately preceding his demand or who shall be the holder of record of at least 5 per cent of all the outstanding shares of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes and record of shareholders and to make extracts therefrom."

■ A federal court adjudicating a state-created right solely on the grounds of the diversity of the parties' citizenship is bound to apply state substantive law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In so doing, a federal court is to look to that law as declared by the state legislature in a statute or by the state's highest court.

The statute in question restricts access to the corporation's shareholder records to shareholders whose interests meet certain minimum restrictions and whose purposes in seeking such records are proper. The testimony and affidavits clearly establish that plaintiff has been "a shareholder of record for at least 6 months immediately preceding his demand," and therefore the only remaining question is whether the plaintiff's demand is for a proper purpose.

■ The state legislature has not delineated just what constitutes a proper purpose, nor has the Wisconsin Supreme Court ruled precisely on this point. In the absence of such guidelines, it is the duty of the federal court to ascertain the state law according to all other available data. West v. American Tel. & Tel. Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940).

In the present case there exist two indications as to the scope of proper purpose as used in § 180.43(2). Judge Corbett of the Circuit Court of Racine County has recently held in a related case involving Laird Incorporated (hereinafter referred to as "Laird") and the Jacobsen Manufacturing Company[1] that a shareholder's purpose is improper where he seeks access to the shareholder records not only to secure in some way a merger involving the corporation, but also to secure as a stockbroker a profit on the resulting merger.

In that action, Laird, an investment banker and stockbroker as well as a substantial shareholder in Jacobsen, sought access to the corporation's shareholder records. The court found "that Laird Incorporated in no way was trying to protect the stockholders of Jacobsen Manufacturing Company against any mismanagement. Its purpose is to secure in some way a merger of Jacobsen Manufacturing Company with another or other companies and not simply for just that purpose, but for its purpose as a stockbroker, to secure a profit as a stockbroker." The court reasoned that it was not the purpose of § 180.43(2) to enable "a stockholder to pursue a course of activity which would permit it to secure benefits all out of proportion to that which may be secured by any other stockholder."

■ A second indication as to the construction to be accorded § 180.43(2) may be gleaned from the fact that on appeal, the Supreme Court of Wisconsin

1. State ex rel. Laird Incorporated v. Jacobsen Manufacturing Co., Case No. 68–564–CI (Circuit Court of Racine County, November 19, 1968), attached as Exhibit "A."

declined to afford relief to Laird by advancing the matter on the calendar or granting a temporary restraining order [2] despite the fact that the issue would for all practical purposes be moot before the matter could be heard in the normal course. These factors lead this court to conclude that, for purposes of § 180.43 (2), an improper purpose exists where the demanding shareholder seeks not only to communicate with other shareholders about management but also to further his own interest in the corporation not as a shareholder but as a stockbroker.

Plaintiff in the present action has testified that his purpose in seeking access to the shareholder records is to communicate his dissatisfaction with management to the other shareholders, hoping to benefit from an increase in capital gain resulting from a change in management.

Defendants' position, on the other hand, is that the plaintiff in the present action is in reality Laird and that Mr. White is but a nominal "front" in Laird's endeavors to secure access to the shareholder records of Jacobsen. It follows, defendants argue, that plaintiff's purpose for inspection in this action is the same as it is in the pending state proceeding, and that therefore this action ought to be dismissed on the ground that the plaintiff's purpose is improper under state law.

Laird, the plaintiff in the pending state action, is a New York investment banker and stockbroker with offices located in Chicago. Plaintiff in this action, James J. White, is a private investor with offices in Chicago and president of James J. White Investment Corporation, a vehicle through which he conducts his investment activities. Mr. White is not a licensed broker.

Both Laird and White are substantial shareholders in Jacobsen. The first testified contact between these two plaintiffs about this subject matter occurred in March of 1968 when Mr. White pur-chased 1,500 shares of Jacobsen stock from Laird. These shares now total 2,250 as the result of an intervening stock dividend and are part of a total of 26,775 common shares owned by Mr. White.

The next contact in the record is a meeting which took place between Mr. White and Oliver Kimberly, Jr., a senior vice-president of Laird, on November 19, 1968, at which time Mr. White decided to join the Shareholder's Protective Committee of Jacobsen Manufacturing Company (hereinafter referred to as "Committee"). The evidence indicates that the Committee is dominated by Laird and/or its officers and directors, and functions as an organization through which Laird communicates to other shareholders its opposition to the present Jacobsen management.

According to the Committee's proxy statement, the Committee's present membership consists of Laird; E. Carroll Stollenwerck, Chairman of the Board of Laird; James B. Knowles, Chairman of the Board of a New York pharmaceutical company; and James J. White. The announced purpose of the Committee is to effect a change in the management of Jacobsen and thereafter "pursue a program which will enhance the Company's operations and finances, either through the acquisition of or merger with other companies."

In the latter respect, the Committee's proxy statement continues to point out that from time to time Laird has brought potential merger candidates to the attention of the Jacobsen management; that Laird plans to continue to pursue this course of action; and that Laird expects to receive a fee in an amount ranging from ½ to 2 per cent of the value of the securities issued and other consideration paid by the surviving corporation in exchange for the stock or assets of Jacobsen.

The November 19, 1968, meeting at which White joined the Committee

2. State ex rel. Laird Inc., v. Jacobsen Manufacturing Co., Case No. 285 (Wis-consin Supreme Court, November 25, 1968), attached as Exhibit "B."

occurred on the very same day that the Circuit Court of Racine County denied Laird's petition for inspection. Mr. White's demand for inspection is dated the following day. This was the first occasion on which Mr. White had communicated his dissatisfaction to the Jacobsen management. Five days later the Wisconsin Supreme Court denied Laird's motions for temporary relief, and on the following day Mr. White instituted this proceeding. This interrelated sequence of events has led this court to conclude and find that the real party in interest and the motivating force in both the present proceeding and the pending state action is in fact Laird.

Further indicia of this privity between the plaintiffs in the two actions is the testimony of Mr. White that if given access to the shareholder records he would turn them over to and work with the Committee in its attempt to unseat the current management. Recognizing that the Committee is controlled by Laird and is but a means by which Laird seeks to achieve its own objectives, it is the opinion of this court that both actions are part of what in reality is a single endeavor by Laird to obtain access to the shareholder records of Jacobsen. That being the case, the court finds that the plaintiff's purpose for seeking inspection of the shareholder records is improper under Wisconsin law as determined by this court on the basis of the decisions of the Wisconsin courts to date.

The foregoing opinion constitutes this court's findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

For the foregoing reason,

It is hereby ordered that the present action be and it hereby is dismissed with prejudice, and the clerk of court is hereby directed to enter judgment in accordance with this opinion.

## EXHIBIT A

STATE OF WISCONSIN: CIRCUIT COURT: RACINE COUNTY

| | |
|---|---|
| STATE ex rel. LAIRD INCORPORATED,<br><br>Relator,<br><br>-vs-<br><br>JACOBSEN MANUFACTURING CO. and VICTOR E. BUNCK,<br>Respondents. | DECISION<br><br>Case No. 68–564–CI |

Hon. Thomas P. Corbett, Judge,
Circuit Court, Branch 2, presiding.

QUARLES, HERRIOTT, CLEMONS, TESCHNER & NOELKE by Mr. Charles Kamps appeared for the Relator.

BENSON, BUTCHART & HALEY by Mr. Donald Butchart appeared for the Respondents.

November 19, 1968
11:00 o'clock A.M.
Racine County-Courthouse
Racine, Wisconsin

Eugene R. Perri
Official Reporter

## PROCEEDINGS

THE COURT: I will say at the outset that yesterday afternoon at the conclusion of the hearing, I informed the parties that I would give you a decision at 11:00 o'clock this morning. I have used the intervening time to do as much checking of the law in relation to the facts as developed in the hearing as time would permit. Time, of course, did not permit me, because I have been working right up to the time I came in this room, to prepare a written decision. To take the time that the court would have wished to take in a matter of as great importance as this is would have, because of the time taken, defeated the Relator or possibly defeated the Relator and his rights just because of the time the court may have taken. I tried diligently to avoid that, and of course it is said to you by way of explanation as to why the decision is not written and why it must come out orally as of this time.

The court in granting the alternative writ of mandamus was supplied certain case information which this court notes by the information supplied to it by the Relator when it came into the court room yesterday morning immediately prior to the hearing of the order to show cause, and among that information was the case of Pick v. Wesbar Stamping Corp. [238 Wis. 93, 298 N.W. 58] which may well have caused Judge DuRocher to issue the writ summarily.

This court, however, in hearing the matter on its merits was confronted with a twofold obligation as it sees it under our Statute: First, to determine whether or not the Relator was a shareholder of record for at least six months preceding his demand or a holder of record of at least five percent of the outstanding shares of the corporation; and secondly, whether or not the purpose for making the demand of the different shareholders was a proper purpose within the meaning of § 180.43(2) of the Wisconsin Statutes. It was stipulated by the parties that the Relator has been a shareholder of record for at least six months. It has been stated by counsel for the Relator that there is doubt that the Relator holds as much as five percent of the outstanding shares of the Jacobsen Manufacturing Company; but on the basis of the stipulated fact, it is a shareholder for six months, entitling it to come into this court under the provisions of § 180.43(2) of our Statutes.

The entire burden of this court in this hearing is to make a determination as to whether or not the purposes of the Relator are within the provisions of our Statute.

It has been said in the Pick v. Wesbar Stamping Corp. case on page 96 [298 N.W. 58], in citing, State ex rel. Dempsey v. Werra A. F. Co., 173 Wis. 651 [182 N.W. 354, 22 A.L.R. 1], that judicial discretion should not be exercised to withhold the writ of mandamus to enforce a clear right conferred by statute when no other remedy is available to secure such right. It is a very important phrase out of our cases and out of the decisions of our court, because this court feels that it must do a weighing of the position of Laird, Incorporated to determine proper purpose. As a stockholder pure and simple, this court feels that it would of necessity have to issue a writ and force Jacobsen Manufacturing Company to give to Laird the list of stockholders. Laird's purpose, as developed in the hearing and in the exhibits which are clear, is that Laird wishes to in some fashion merge Jacobsen Manufacturing Company into some other corporate entity. There can be quarrel with the word used, but I think the understanding of the word is clear, whether the word "merge" means take over, combine, or any related meaning. But it would change in form Jacobsen Manufacturing Company's management.

It is obvious in this situation and the court finds that Laird Incorporated in no way was trying to protect the stockholders of Jacobsen Manufacturing Company against any mismanagement. Its purpose is to secure in some way a

merger of Jacobsen Manufacturing Company with another or other companies and not simply for just that purpose, but for its purpose as a stockbroker, to secure a profit as a stockbroker. This is entirely clear from the Respondents' Exhibit No. 4, page 2 of the document known as Schedule 14B, Information to be Included in Statements Filed by or on Behalf of a Participant (Other Than the Issuer) in a Proxy Solicitation pursuant to Rule 14a–11(c), in which representation is made as follows: "It would be expected that in the event of any such merger, Laird Incorporated would be paid a fee by the surviving corporation in an amount ranging from ½ to 2% of the value of the securities issued and other consideration paid by said surviving corporation in exchange for the stock or assets of the Company".

Laird Incorporated as a stockholder has the right to any financial benefit that would accrue to any other stockholder. As a stockholder—stockbroker in this instance, acting within the Wisconsin Law as a stockholder to pursue a course of activity which would permit it to secure benefits all out of proportion to that which may be secured by any other stockholder forces this court to the conclusion that Laird Incorporated is not in this instance a simple stockholder.

It is not the purpose of our law to deny to any individual or group of individuals, corporate or not, their rights as stockholders, but the court is called upon to protect against any activity caused by action which is not for a proper purpose. The court finds in this instance that Laird Incorporated, in seeking the relief and seeking the list of the stockholders of Jacobsen Manufacturing Company, is seeking this information for its benefit as a stockbroker and must leave to Laird, Incorporated, such rights as it has as a stockholder under the provisions of the rules of the Securities and Exchange Commission, Rule No. 14a–7, whereas it must disseminate such information as it wishes to the shareholders through the corporate entity Jacobsen Manufacturing Company.

The court has been driven to this conclusion by the exhibits in which Laird Incorporated has been very blunt, forward, and I'm going to use a phrase, it is honest in its views, honest in its purposes, and I do believe that it forces the court to conclude it must seek its protection as a stockholder through the Securities and Exchange Commission Rules and not by virtue of § 180.43(2) of the Wisconsin Statutes.

In coming to this conclusion, the court is mindful of the testimony of Mr. Jacobsen here yesterday in which he informed all concerned in this court room that the meeting of December has not as yet been scheduled. This court has accepted that statement, it is under oath, there is nothing to the contrary in the record, and that it will afford to Laird Incorporated its opportunity to have information it desires disseminated before that meeting disseminated with no unusual action which will prevent it from so doing. They have the right. I am denying a right in one way, but I want it known to all participating they have the other right which must be protected.

I am hereby vacating the alternative writ, the petition is dismissed with costs to the respondents.

MR. KAMPS: One misstatement, may it please the court, I think the court innocently misstated Mr. Jacobsen's testimony. I believe his testimony was that a meeting was held by the Board of Directors of Jacobsen prior to November 15th in accordance with the bylaws and the new date for the meeting set, and he refused to state what the meeting date was.

THE COURT: Mr. Kamps, I am aware of the fact that the Respondents in this proceeding did not reveal the date of the meeting. But I am also informed there is a statutory time or there is a time wherein which they must set that meeting and that upon receipt of notice of the time of the meeting, you have the

right to ask for the distribution of material. You have submitted material to the Securities and Exchange Commission known as Relator's Exhibit 1 which you wish to be distributed to all stockholders of Jacobsen Company. Now this court is not guided or governing the Securities and Exchange Commission; but if it is the wish of Laird to have that Relator's Exhibit 1 distributed to stockholders, the rule as I understand it, Jacobsen Manufacturing Company will of necessity under our law have to distribute it. If you know, as it has been intimated by the testimony in these proceedings, know of stockholders or holders of stock not known to them, I see nothing that will prohibit you using any means available to you to distribute this information. It is proper information. It has been intimated or argued, it is a matter of argument, not evidence, as put out by Mr. Butchart and possibly yourself, that there are certain street accounts in which the actual holders of the stock are not known to Jacobsen and if they are known to Laird, I see nothing improper of seeing to it that the information gets to them. Whether or not the stockbroker will distribute it to the street accounts, I don't know. I can't use my own personal experience as a matter of law, but I think we all know if you have a reliable broker, he forwards it on to you. You have all had that experience, at least those of us who made some investments.

*MR. KAMPS:* Your Honor, the court has correctly stated the rule that notice of the meeting must be sent. However, I must point out and I think Mr. Butchart will agree that the evidence was that the Board of Directors has determined the date of the meeting already.

*THE COURT:* Yes, and I have also said they have indicated there is sufficient time to distribute the information to the stockholders, that they must do it and will do it.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

STATE OF WISCONSIN ⎱
                     ⎰ SS
COUNTY OF RACINE   ⎰

   I, Eugene R. Perri, official reporter, Circuit Court, Branch 2, Racine County, Wisconsin, do hereby certify that I am a stenographic reporter; that I was present at the taking of the foregoing proceedings; that I recorded said proceedings in stenotype; that the above and foregoing has been reduced to typewriting by me and represents a true, correct and complete copy of that portion of my stenographic notes taken in the above-entitled matter at said time and place.

_____
Eugene R. Perri, reporter

## EXHIBIT B

### Office of the Clerk

# SUPREME COURT
## STATE OF WISCONSIN

FRANKLIN W. CLARKE
CLERK

Madison, November 25, 1968

To  Mr. L. C. Hammond, Jr.
Attorney at Law
Quarles, Herriott, Clemons,
   Teschner & Noelke
411 East Mason Street
Milwaukee, Wisconsin 53202

Mr. Donald A. Butchart
Attorney at Law
Benson, Butchart & Haley
310 Baker Block
Racine, Wisconsin 53403

Sir:—The Court today announced decision in your case as follows:

STATE EX REL LAIRD, INC., v. JACOBSEN MANUFACTURING
   CO. AND VICTOR E. BUNCK, #285.

ORDERED that the motion to advance the above cause on the calendar and for a restraining order be and the same is hereby denied.

FURTHER ORDERED that the temporary restraining order entered herein on the 21st day of November, 1968, be and the same is hereby dissolved.

Respectfully yours,

FRANKLIN W. CLARKE
Clerk of Supreme Court.