62  643
f 63  318

## THE CITY OF LEAVENWORTH V. THE LEAVENWORTH CITY AND FORT LEAVENWORTH WATER COMPANY.

### No. 12,006.   (64 Pac. 66.)

1. CITIES — *Water-supply Companies* — *Reports to City Clerk.* Section 5 of chapter 82, Laws of 1897 (Gen. Stat. 1897, ch. 39, § 13: Gen. Stat. 1899, § 657), which requires water-supply companies to file itemized statements of income and expense accounts with city clerks, applies to companies existing at the time of its passage, and is not unconstitutional because containing a subject not expressed in its title, nor because allowing an unjustifiable scrutiny into private affairs.

2. MANDAMUS — *Pleadings* — *Cross-action.* The only pleadings allowed in an action of mandamus are the plaintiff's writ and the defendant's answer. The defendant cannot, therefore, by cross-action in the same suit, have a writ to compel the performance of some act by the plaintiff.

Original proceeding in mandamus. Opinion filed March 9, 1901. *In banc.* Writ allowed.

*John T. O'Keefe,* and *C. R. Middleton,* for plaintiff in error.

*Gleed, Ware & Gleed, D. E. Palmer,* and *J. L. Hunt,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : This is an original proceeding in mandamus brought by the city of Leavenworth against the Leavenworth City and Fort Leavenworth Water Company, a corporation engaged in the business of supplying the inhabitants of the city with water. The relief prayed for is the making and filing with the city clerk of an itemized account of the income and expenses of the water company, the names and places of residence of its stockholders, and the number of shares held by each of them. The plaintiff

claims that its right to this relief is conferred by section 5 of chapter 82, Laws of 1897 (Gen. Stat. 1897, ch. 39, § 13; Gen. Stat. 1899, § 657). The defendant claims that the statute cited is ineffectual to impose on it the obligation in question, because the subject of the making and filing of income and expense accounts by water companies is not comprehended within the title of the act, and also because it is in denial of its right to the secrecy of its own affairs.

The water company was incorporated in 1881. In 1882 it secured from the city of Leavenworth the right to erect its works, lay its mains and pipes, and furnish water to the inhabitants of the city. In 1897 the legislature passed an act empowering cities to obtain water, light, and other public utilities. The title of this act is of great length, and it is not necessary to quote it in full. Eliminating from it all which does not pertain to the authorization of cities to obtain water, it reads as follows: "An act authorizing and empowering cities to obtain water by contracting with private corporations to furnish water; or by purchasing or constructing, owning and operating waterworks." This title may be still further shortened by the exclusion of its verbiage so as to read: "An act authorizing and empowering cities to obtain water by contracting; or by purchasing or constructing waterworks." It may be still further shortened so as to read: "An act empowering cities to obtain water." We agree with counsel for the defendant that the title of the act may be thus shortened without eliminating from it anything necessary to the inclusion of the general and incidental subjects which follow. The question, therefore, is, whether this condensed or abbreviated title is broad enough to include the subject

of reports of business by water companies to city authorities, required by section 5 of the act, which reads as follows :

"Every such private corporation now existing or which may hereafter be organized in such city in this state shall, beginning with the 1st day of July, 1897, and on the 1st day of January and July of each year thereafter, and after the beginning of the operation of its plant, through its manager, secretary, or president, make out a statement and an itemized account, which shall be sworn to by the officer making out said account, and filed with the city clerk of such city, there to remain on file for the inspection of every citizen of such city, which statement of account shall set forth every item of income received by said corporation, giving the date received, of whom received, on what account received, and the amount received ; also, all items paid out, including the date when paid, to whom paid, on what account paid, and amount paid, thus showing item by item the disposition or outgo of the entire income of said corporation, which statement of account shall also be accompanied by a statement of names, places of residence of each stockholder, and the number of shares held by each stockholder, set forth in writing."

Other provisions of the act of 1897 provide for cities securing a water-supply in four different ways : (1) By an original grant of the franchise to furnish water ; (2) by a renewal of an old grant ; (3) by the purchase of an existing water-supply plant ; (4) by the construction of a new plant.   In all these ways a city may obtain a water-supply for its inhabitants. Now, an incident to the determination by a city of the question as to which of these ways of obtaining a water-supply it will undertake is the acquisition of the information which section 5 requires water companies to furnish to the cities where located.   Of course, the possession of the information does not ob-

tain the water-supply, but it is information advisory
to the city how best and most economically to obtain
it, and is properly involved in the scheme of obtain-
ing it.  If a city contemplates a renewal of an exist-
ing franchise which a water company owns, or if it
contemplates the purchase for itself of an existing
water-supply plant, it is well that it should be advised
as to the expense of owning and operating such pub-
lic utility.  The acquisition of this information is a
step—the first step—toward obtaining water.  There
is, therefore, occasion for the legislative act in ques-
tion, and it must stand against the objection made,
unless it is undeniably repugnant to the constitu-
tional provision which ordains that the subjects of leg-
islative acts shall be clearly expressed in their titles.

It is hardly claimed by counsel for the defendant
that the title of the act is not broad enough to cover
the subject of compulsory reports of water companies
to cities, but only that it is not broad enough to cover
the subject of compulsory reports by *existing* water
companies to cities.  It is claimed that the title of the
act is prospective, and, while it may cover the subject
of reports by water companies hereafter acquiring
franchises, that it is not broad enough to cover the
subject of reports by water companies that already
have franchises ; in other words, that, when water
companies now without franchises hereafter obtain
them, their reports are a part of the city's process of
obtaining water, but the making of similar reports by
water companies that already have franchises is not a
part of the city's process of obtaining water.  There
is nothing whatever in the statute or its title to justify
such view.  Our conclusion, therefore, is that the ti-
tle, "An act authorizing cities to obtain water," is
broad enough to include the subject of the making

Leavenworth v. Water Co.

of reports by existing companies concerning all those matters necessary to advise the city as to the relative cost and expediency of obtaining water in any of the several methods allowed by law.

Unless the statutory requirement to make the itemized statements of account in question is an imposition on existing water companies which goes to the impairment of some vested right of theirs they cannot be heard to complain. That it impairs any vested property right is not claimed. It is claimed, however, that it impairs their right to be free from meddlesome scrutiny of their private affairs, and a case was cited to us in which it was held that the Pacific Railway Commission could not require the production before it of the books and papers of certain railroad companies, although authorized by act of congress to make demand therefor. (*In re Pacific Ry. Com'n*, 32 Fed. 241.) We do not approve of the doctrine there announced, as we are asked to apply it. The only decisions which the writers of the opinions in that case cited were those in which the freedom of individuals and private corporations from the compulsion to disclose their affairs was upheld. The defendant in this case is not an individual citizen nor a private corporation; that is, not a corporation for the private purposes of its members. It is a corporation formed for purposes of public service. It is in the performance of a public service as much as though it were serving the people of the entire state. (*Inhabitants of Wayland v. County Commissioners of Middlesex*, 4 Gray [Mass.] 500.) Therefore, it may be controlled by the state in the interest of the public it agreed to serve, except that its vested rights may not be taken from it under the pretense of control. It has no vested right to withhold from the public information as to its operations under

the very franchise the public conferred on it. Besides, it took its franchise to be a corporation and to serve the public under a constitutional reservation of power in the legislature to amend or alter the laws pertaining to its organization and the conduct of its business. (Const., art. 12, § 1.)

The defendant also asks for a peremptory writ against the plaintiff. It alleges that the city owes it for water ; that the amount has been collected and is on hand, but that payment is refused. The defendant cannot have the relief asked in this ( the plaintiff's ) suit. In actions of mandamus, no pleadings are allowed other than the plaintiff's writ and the defendant's answer. The defendant cannot by cross-action obtain affirmative relief against the plaintiff. (Civil Code, § 696 ; Gen. Stat. 1897, ch. 96, § 114 ; Gen. Stat. 1899, § 5000.)

The peremptory writ asked by plaintiff will be allowed ; the application of defendant for a peremptory writ will be dismissed.