FISHER W. HANNUM v. STATE, *ex rel.* THE HANNUM COMPANY.

170 So. 455.
Division B.
Opinion Filed December 10, 1936.

*P. C. Gorman,* for Plaintiff in Error;

*Duncan, Hamlin & Duncan, John S. Lavin* and *Maguire & Voorhis,* for Defendant in Error.

BUFORD, J.—In this case the writ of error brings for review a judgment awarding peremptory writ of mandamus.

The alternative writ of mandamus commanded:

"Now, THEREFORE, we, being willing that full and speedy justice be done in the premises, do command you, FISHER W. HANNUM, forthwith to turn over to M. M. Hannum, as Treasurer of The Hannum Company, all funds, books, records, canceled checks, deeds, notes, bonds, contracts, agreements, documents and papers in your possession, custody or control, belonging to The Hannum Company, and of which you became possessed by virtue of said office;

"Or that you, the said FISHER W. HANNUM, appear before this Court on the 23rd day of October, A. D. 1933, 10 o'clock A. M., at its Chambers in Tavares, Florida, and then and there show cause why you, the said Fisher W. Hannum, should not turn over the same."

Demurrer was filed to the alternative writ and was overruled. Thereupon the respondent filed his return to the alternative writ in the following language:

"Comes now FISHER W. HANNUM, Respondent in the above entitled cause, and for return to the alternative writ of mandmaus in this cause, humbly and obediently says:

"That he does not hold any funds, books, records, canceled checks, deeds, notes, bonds, contracts, agreements,

documents and papers in his possession, custody or control, belonging to the Hannum Company.

"AND the Respondent having made a full and complete return to said Writ prays that he may be forthwith dismissed with his costs in this case."

Motion was filed to require an additional return. Proposed additional return was presented with motion to be allowed to file the same. Respondent denied that his resignation had been accepted as Treasurer of the Company or that Mrs. J. S. Penney had been elected Treasurer of the Relator by the directors of the corporation. He denied that M. M. Hannum had been duly elected as Treasurer of the Relator corporation. He denied that M. M. Hannum is the present duly elected, qualified and acting Treasurer of The Hannum Company, the Relator. He alleged that at the time of the institution of the suit he was the duly elected, qualified and acting Treasurer of the corporation. He alleged that at the time of the institution of the suit, and ever since, he has been the duly elected, qualified and acting Treasurer of The Hannum Company and by virtue of Sec. 4, Article B, of the by-laws of the company the Respondent is the lawful custodian of the funds of the Relator.

On January 8, 1934, Respondent filed further motion to be allowed an additional return, both of which motions were denied and, thereupon, the case stood on the allegations of the alternative writ and the original return thereto.

On the 26th day of September, 1935, final judgment was entered, as follows:

"A petition for an alternative writ of mandamus having been filed herein, and an alternative writ of mandamus having duly issued, and a return to said alternative writ having been filed, and the testimony of witnesses for the Relator and the Respondent having been heard and other

evidence having been submitted herein, and the Court being fully advised in the premises,

"IT IS THEREUPON CONSIDERED, ORDERED AND ADJUDGED that the said The Hannum Company do have and recover of and from the Respondent, Fisher W. Hannum, its costs in this behalf expended, herein taxed at $201.60, and that a peremptory writ of mandamus do forthwith issue, commanding the said Fisher W. Hannum forthwith to turn over to M. M. Hannum, as Treasurer of The Hannum Company, all funds, books, records, canceled checks, deeds, notes, bonds, contracts, agreements, documents and papers in his possession, custody or control belonging to The Hannum Company and of which he became possessed by virtue of his office as Treasurer of The Hannum Company, in accordance with the command of the said alternative writ of mandamus, and that the Clerk of this Court do issue said writ accordingly. To which ruling the respondent duly excepted, which is hereby allowed and noted."

On this judgment peremptory writ of mandamus was issued.

There appears in the record no finding by the court, or a jury, of any questions of fact. The respondent in his first return averred that he did not have in his possession, custody or control any funds, books, records, canceled checks, deeds, notes, bonds, contracts, agreements, documents and papers belonging to The Hannum Company. The issue as to whether or not he had any such property in his possession, custody or control belonging to The Hannum Company was one necessary to be determined in this case from the evidence adduced. That question has not been determined and until it shall have been judicially determined what, if any, funds, books, records, canceled checks, deeds, notes, bonds, contracts, agreements, documents and papers the Re-

spondent had in his possession, custody or control at the time of the institution of the mandamus proceedings, it is impossible for anyone to determine whether or not the commands of the peremptory writ have, or have not, been complied with.

The defendant in error relies with apparent confidence on the case of Cooper, as Trustee in Bankruptcy, v. Dasher, 290 U. S. 106, 78 Law Ed. 203. One chief difference between that case and this one is that in that case there was a specific finding by the Referee that the bankrupt, Dasher, at the time of the bankruptcy had in his possession in addition to the merchandise which had been turned over to the Trustee in Bankruptcy a balance of merchandise at a cost price value of $19,157.66, being of a class of merchandise shown by the proofs of claim to have been purchased on the credit of the bankrupt corporation and delivered to it and of such a class of merchandise as is usually carried and sold in a retail drug store but which is not capable of a more specific description such more specific description being known only to the Respondent had made away with goods belonging to the estate and "definitely withholds them" and it is stated in the opinion, "The process of computation and inference outlined in his (Referee's) report and leading up to his conclusion has support in many cases." The writer cites a number of cases.

In the case now before us, there is no finding of fact determinative of the issues presented by the pleadings.

The contention was made at the bar of this Court in behalf of plaintiff in error that he is entitled to a jury trial to determine the issues presented by the pleadings. But even if he was entitled to a jury trial there is no evidence in the record that he has demanded a jury trial but it appears that he went to trial on the issues before the Court

without a jury. We, therefore, construe his action to be a waiver of the right to trial by jury even if he had been entitled to such which right does not obtain in mandamus and hold that he will be bound by the finding of the court with, of course, the right to review. Mandamus cannot be used as a vehicle for accounting. In a case like this it can only be used to require the former officer of a private corporation to turn over to his successor such property as he has in his possession, custody and control at the time when service of the alternative writ of mandamus received by him as, such officer of such company. If the Relator can not produce proof to establish what, if anything, Respondent has, in his possession, custody or control belonging to the corporation, then it will be necessary for him to go into a court of equity and require the defendant to account for those things which have heretofore come into his possession, as the officer of such corporation. For the reasons stated, the judgment should be reversed and the cause remanded with directions that the Circuit Court make findings of fact, if from the record he can, as to what property (funds, books, records, canceled checks, deeds, notes, bonds, contracts, agreements, documents and papers) if any, the Respondent has in his possession, custody or control belonging to the Relator Company, and upon his findings, to enter, judgment.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.