FISHER W. HANNUM, *et ux.*, FRANK W. HANNUM, D. A.
BAILEY, EUSTIS DRUG ·COMPANY, and METROPOLITAN
LIFE INSURANCE COMPANY, a New York Corporation, v.
THE HANNUM COMPANY, a Florida corporation.

184 So. 765.
Division A.
Opinion Filed November 14, 1938.
Rehearing Denied December 16, 1938.

*P. C. Gorman,* for Appellants;

*Maguire & Voorhis* and *Duncan, Hamlin & Duncan,* for Appellees.

PER CURIAM.—This case is another phase of Hannum v. State, *ex rel.,* Hannum Co., reported in 127 Fla. 313, 170 So. 455. The instant appeal is from decrees refusing to strike portions of and dismiss the bill of complaint as amended and for a better statement of the complainant's cause of action.

It is contended that the original and the amended bill of complaint violate Chancery Rules 22 and 28 in that they do not contain a short and simple statement of the ultimate facts relied on for relief.

It is quite true that the bill of complaint as amended is replete but it involves lengthy and tedious transactions running over a period of years. It includes many items in connection with which fraud is charged and from a thorough examination of them, we cannot say that the amended bill is amenable to the assault made on them.

A succinct statement of the ultimate facts relied on for relief is relative and while good pleading requires that all pleadings be phrased in as clear, direct, and positive terms as possible, conditions may arise in which they may be so phrased and in so doing, reach abnormal proportions. They must contain allegations sufficient to apprise the opposite party of the basis of the plaintiff's grievance. The fact that a bill of complaint details a series of independent claims as

in this case is not fatal under the facts shown to exist. A pleading may be lengthy and yet be a succinct statement of the ultimate facts relied on for relief.

It is also contended that the bill of complaint as amended should be dismissed 'because fraud is relied on and it shows on its face that more than three years have elapsed since the discovery of the facts constituting the alleged fraud.

In response to this question, it is sufficient to say that laches constituting fraud must be "clear and uncontrovertible as a matter of law" and must be apparent on the face of the bill. The bill as amended was filed in 1936 and alleges that complainant did not know of the facts constituting the alleged fraud until the year 1934. This is within the three year statute relied on by Appellants to bar the cause of action. Section 4663 Compiled General Laws of 1927. There is consequently no merit to this contention.

A motion to dismiss is a severe remedy and should not be granted if on any reasonable hypothesis equity is shown to exist. We hold the bill of complaint as amended to be sufficient and if its allegations are proven, the relief prayed for should be granted.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, and CHAPMAN, J. J., concur.

THOMAS, J., not participating.