FISHER W. HANNUM v. STATE, *ex rel.* THE HANNUM COMPANY, a Florida Corporation.

184 So. 500.

Opinion Filed November 14, 1938.

A writ of error to the Circuit Court for Lake County, J. C. B. Koonce, Judge.

*P. C. Gorman,* for Plaintiff in Error;

*Maguire & Voorhis* and *Duncan, Hamlin & Duncan,* for Defendant in Error.

PER CURIAM.—This is the second appearance of this cause here. See Hannum v. State, *ex rel.* Hannum Co., 127 Fla. 313, 170 So. 455, where we held among other things that mandamus could not be employed as a vehicle to enforce an accounting.

On the going down of the mandate, the trial court took testimony and made a finding of facts as he was directed and entered his final judgment commanding the respondent to turn over to relator certain items of property that were the subject matter of the litigation. Peremptory writ was issued as ordered by the final judgment, to which a demurrer and motion to quash were filed and overruled. Writ of

error was prosecuted to the latter judgment. This is an extremely abbreviated statement of facts and pleadings leading up to the writ of error brought here for review on which nine questions are predicated and argued. Stripped of excess verbiage, the gist of the whole matter is that the trial court misconstrued the mandate of this court in that by the judgment entered mandamus is attempted to be used for accounting, which cannot be done.

As a predicate for the final judgment, a great deal of evidence was taken on which the trial court made his finding of facts. We have examined this evidence and we think the finding and judgment was proper. It was the duty of respondent to make a full disclosure of the assets in his possession or if they had passed from his control to disclose their status so far as he is able to do. He cannot excuse his failure to disclose by saying that he does not remember or by interposing what amounts to a plea of set off or confession and avoidance. When the assets are produced in court or accounted for, the question of counter claims and set offs can then be considered and appropriately adjudicated.

The purpose of any judicial proceeding of this character is to marshal the facts and secure such information as will enable the court to get at the merits of the controversy between the litigants and when this is done on the basis of such disclosures, administer justice between them. It is in no sense a wager of skill or a device of legerdemain indulged in by counsel or litigants to award the prize to the one who can forestall and stay off the administration of justice the longest.

A thorough examination of the pleadings convinces us that the essential facts can be ascertained and justice administered within them if it can be shown that the allegations therein are true. To discuss all the facts and answer all the questions raised would labor the record with a long

opinion that would be little more than surplusage to coming litigants or lawyers.

The judgment below is therefore affirmed.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., not participating.