SWANN, Judge.
The plaintiffs below appeal from a final judgment for the City of West Miami, Florida. The final judgment denied plaintiffs’ request for a peremptory writ of mandamus; discharged the alternative writ of mandamus previously issued and denied the counterclaim of the City of West Miami without prejudice. Plaintiffs have appealed and the City has cross-assigned as error the order denying its counterclaim without prejudice.
The right to the writ of mandamus sought by plaintiffs was not clear and certain. The right in question was doubtful and depended upon a determination of controverted and conflicting facts. No error has been clearly demonstrated in this appeal in the order denying the peremptory writ of mandamus and discharging the alternative writ. State ex rel. Hester v. State Board of Administration, 158 Fla. 567, 30 So.2d 356 (1947); State ex rel. Metcalf Company v. Martin, 55 Fla. 538, 46 So. 424 (1908); State ex rel. Smith v. City of Margate, Fla.App.1963, 155 So.2d 165; and 21 Fla.Jur. Mandamus § 25.
The City in its “Response to alternative writ of mandamus” filed a counterclaim against one of the plaintiffs, Preston S. Brooks, individually, and prayed for a mandatory injunction requiring him to comply with his alleged written agreement to provide proper off-street parking for certain premises or, in the alternative, that he be permanently enjoined from operating the liquor bar located on the premises. The trial court dismissed the counterclaim on the sole ground that it was improperly raised in a mandamus action.
Generally, counterclaims are not permissible in mandamus proceedings but in some jurisdictions by virtue of statute they are allowable. See. 55 C.J.S. Mandamus § 281 and 52 Am.Jur.2d Mandamus § 438.
Counsel for the City concedes inability to find authority for counterclaims in actions for mandamus in the Florida Statutes but asserts it should be permissible under Rules 1.010, 1.660, and 1.170(a), R.C.P., 30 & 31 F.S.A. He relies on State ex rel. R-1 School District of Putnum County v. Ewing, Mo.App.1966, 404 S.W.2d 433; and certain dicta in Hannum v. State ex rel. Hannum Co., 135 Fla. 3, 184 So. 500 (1938).
At common law a counterclaim in a return to a petition for mandamus was not permitted. City of Leavenworth v. Leavenworth City & Ft. L. W. Co., 62 Kan. 643, 64 P. 66 (1901) ; and State ex rel. Harvey v. Plankinton Arcade Co., 182 Wis. 23, 195 N.W. 904 (1923). The common law is in effect except as it is modified or superseded by statute. Wester v. Rigdon, Fla.App.1959, 110 So.2d 470; § 2.-01, Fla.Stat., F.S.A.; and 6 Fla.Jur. Common Law § 5. The rules do not specifically authorize the filing of a counterclaim in a return to an alternative writ of mandamus. In the absence of a specific statute or rule permitting counterclaims in a mandamus action, we find no error in this ruling.
Affirmed.