## BOWLES, Price Adm'r, v. GOOD LUCK GLOVE CO.

### No. 8696.

Circuit Court of Appeals, Seventh Circuit.

Aug. 3, 1945.

Rehearing Denied Sept. 11, 1945.

Fleming James, Jr., Director, Litigation Division, Albert M. Dreyer, Atty., Thomas I. Emerson, Deputy Adm'r, and David London, Chief, Appellate Branch, all of Office of Price Administration, of Washington, D. C., and Alex Elson, Harry E. Witherell, and Abraham H. Maller, Office of Price Administration, all of Chicago, Ill., for appellant.

Charles E. Feirich and John K. Feirich, both of Carbondale, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

This appeal is from a final judgment for the defendant on the second count of plaintiff's complaint. This count sought to recover damages under section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 925(e). The first count was for an injunction to restrain the defendant from violating the General Maximum Price Regulation (7 F. Reg. 3153) and Supplementary Regulation No. 14 as revised and amended (8 F.Reg. 4486, 9787), both of which were issued under section 2(a) of the Act, 50 U.S.C.A. Appendix, § 902(a). Upon a hearing on this count a preliminary injunction was denied, D.C., 52 F.Supp. 942, and on appeal that ruling was affirmed by this court, 7 Cir., 143 F.2d 579.

Subsequently, the district court sustained defendant's motion for a summary judg-

ment in its favor on count II, and rendered such judgment on August 17, 1944. From that judgment this appeal is prosecuted.

■ The question here presented is whether the General Maximum Price Regulation establishes the maximum price of a commodity at the highest price at which it was actually delivered during March, 1942, if the only deliveries in that month were under contracts made before March, 1942. In our former opinion we held that it does not. On June 4, 1945, the Supreme Court held that it does. Bowles, Administrator, v. Seminole Rock and Sand Co., 65 S.Ct. 1215.

·Appellee seeks to distinguish the facts of its case from those of the Seminole case, supra. It asserts first, that a different reg-. ulation was involved in the two cases. As to this, it is sufficient to say that the pertinent language of the two regulations was identical, and no distinction can be based on the fact that the two applied to different commodities. It further asserts that the items sold only on prior commitments which the Administrator sought to use to establish the ceiling costs, were identical with items sold under the March 1942 price list, hence the latter should be used as a basis instead of the former. The court made no finding of fact as to this, and it seems clear that, although he did, in his opinion, refer to similarity of items and price differentials arising therefrom, his decision was based on his construction of the regulation that deliveries made pursuant to prior commitments were not effective to establish ceiling prices, and the Supreme Court has ruled otherwise by its decision in the Seminole case, supra. See also Wells Lamont Corporation v. Bowles, Em.App., 149 F.2d 364; Bowles v. Indianapolis Glove Co., 7 Cir., 150 F.2d 597.

■ The remaining question is whether our decision in the former appeal is the law of the case in this appeal. The answer is no, because of the ruling in the Seminole case which in effect holds our ruling erroneous, in that it announces a wrong rule of law. See Messenger v. Anderson, 225 U. S. 436, 32 S.Ct. 739, 56 L.Ed. 1152; Luminous Unit Co. v. Freeman-Sweet Co., 7 Cir., 3 F.2d 577.

In view of the Seminole case, we think the district court erred in rendering judgment for defendant. That ruling is reversed, and the cause is remanded for further proceedings· not inconsistent with this opinion.