576 F.Supp. 197 (1983)
Clarence O. REIMER and Mary M. Reimer, Plaintiffs,
v.
OWENS-CORNING FIBERGLASS CORPORATION, a foreign corporation; Johns-Manville Sales Company, a foreign corporation; and Eagle-Picher Industries, Inc., a foreign corporation, Defendants,
v.
OWENS-CORNING FIBERGLASS CORP., Third-Party Plaintiff,
v.
PITTSBURGH CORNING CORP., a foreign corporation; Keene Corp., a foreign corporation; Jim Walter Corp., a foreign corporation; Celotex Corp., a foreign corporation; Fiberboard Corp., a foreign corporation; GAF Corp., a foreign corporation; Owens-Illinois, Inc., a foreign corporation; Atlas Asbestos Co., a foreign corporation; H.K. Porter Co., Inc., a foreign corporation; Southern Asbestos Company, a foreign corporation; Forty-Eight Insulations, Inc., a foreign corporation; Standard Asbestos Manufacturing and Insulating Co., a foreign corporation; Unarco Industries, Inc., a foreign corporation; Armstrong Cork Co., a foreign corporation; Nicolet Inc., a foreign corporation; and Raybestos Manhattan, Inc., a foreign corporation, Third-Party Defendants.
Civ. A. No. 77-C-492.
United States District Court, E.D. Wisconsin.
October 13, 1983.
*198 Albert J. Goldberg, Goldberg, Previant, Uelmen, Gratz, Miller & Brueggeman, S.C., *199 Milwaukee, Wis., for Clarence O. Reimer and Mary M. Reimer, plaintiffs.
Kurt H. Frauen and Mark S. Young, Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, Wis., for Owens-Corning Fiberglass Corp., defendant and third-party plaintiff.
No attorney for Johns-Manville Sales Co., defendant  bankrupt and claims stayed.
Jeffrey A. Schmeckpeper and K.E. Kilmer, Kasdorf, Dall, Lewis & Swietlik, Milwaukee, Wis., for Eagle-Picher Industries, Inc., defendant.
Rex Capwell and James A. Pitts Capwell, Berthelsen, Nolden & Casanova, Ltd., Racine, Wis., for Pittsburgh Corning Corp., third-party defendant.
Daniel J. Stangle and Donald M. Lieb, Otjen & Van Ert, S.C., Milwaukee, Wis., for Keene Corp., third-party defendant.
John D. Bird, Jr., Churchill, Duback & Smith, Milwaukee, Wis., for Jim Walter Corp. and Celotex Corp., third-party defendant.
Jack R. Wiedabach and Thomas Harrington, Prosser, Wiedabach & Quale, S.C., Milwaukee, Wis., for Fiberboard Corp., third-party defendant.
Harney B. Stover, Jr., David, Kuelthau, Vergeront, Stover & Leichtfuss, S.C., Milwaukee, Wis., for GAF Corp., third-party defendant.
Richard S. Gibbs and John R. Hoaglund, Jr., Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for Owens-Illinois, Inc. third-party defendant.
James P. O'Neill and Lawrence P. Zieger, Arnold, Murray, O'Neill & Schimmel, Milwaukee, Wis., for Atlas Asbestos Co., third-party defendant.
Hanlin J. Hayes and James Samuelson, Godfrey, Trump & Hayes, Milwaukee, Wis., for H.K. Porter Co., Inc., and Southern Asbestos Company, third-party defendants.
Arthur J. Vlasak, deVries, Vlasak & Schallert, S.C., Milwaukee, Wis., for Forty-Eight Insulations, Inc., third-party defendant.
Neal C. Schellinger, James G. Doyle and Michael T. Hopkins, Schellinger & Doyle, Brookfield, Wis., for Standard Asbestos Manufacturing and Insulating Co., third-party defendant.
No attorney for Unarco Industries, Inc., third-party defendant  bankrupt and claims stayed.
Peter S. Nelson, Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd., Appleton, Wis., for Armstrong Cork Co., third-party defendant.
Frank R. Terschan, Frisch, Dudek & Slattery, Ltd., Milwaukee, Wis., for Nicolet Inc., third-party defendant.
James P. Brennan, Brennan & Collins, Milwaukee, Wis., for Raybestos Manhattan, Inc., third-party defendant.

DECISION AND ORDER
REYNOLDS, Chief Judge.
This is one of myriad actions pending in state and federal courts nationwide wherein the plaintiffs allege that the asbestosis from which they suffer, or from which their decedents suffered, was caused by exposure to the defendants' products. In this case, the defendants and the third-party defendants have moved for summary judgment on the ground that the plaintiffs did not file their complaint within the statutory limitations period.[1] For the reasons set forth herein, these motions are all denied.
This case and several others were originally consolidated as a single proceeding, Neubauer v. Owens-Corning Fiberglas Corp., No. 77-C-52. Certain of the defendants and third-party defendants brought motions for summary judgment on statute of limitations grounds. In an order dated January 9, 1981, I denied the motions and *200 established a schedule for interlocutory appeal. Neubauer v. Owens-Corning Fiberglas Corp., 504 F.Supp. 1210 (E.D.Wis. 1981). In my view, an application of the principle "expressio unius est exclusio alterius" to Wis.Stat. § 893.205(1)[2] and related provisions foreclosed the "date of discovery" interpretation urged by the plaintiffs. Instead, I held that the right of action under § 893.205(1) accrued upon the final date of injury, i.e., the final date of inhalation of the asbestos fibers. The Seventh Circuit disagreed, however, and established its own interpretation of § 893.205(1). Neubauer v. Owens-Corning Fiberglas Corp., 686 F.2d 570 (7th Cir.1982), cert. denied, ___ U.S. ___, 103 S.Ct. 1233, 75 L.Ed.2d 467 (1983). That court first observed that no Wisconsin cases were directly on point and that it would have been preferable to certify the issue to the Wisconsin Supreme Court had there existed a procedure for doing so. It went on to hold that the right of action under § 893.205(1) accrues when injuries were diagnosable without regard for the injured party's ability to discern them. The proceedings were then remanded to this court.
Subsequent to the Seventh Circuit's order, several significant events have transpired. First, on January 1, 1983, the Uniform Certification of Questions of Law Rule became effective. See 107 Wis.2d xiii (1982). This rule established a procedure whereby specified appellate courts could certify questions of law to the Wisconsin Supreme Court.[3] Second, this Court severed the actions that were consolidated under No. 77-C-52. Neubauer v. Owens-Corning Fiberglas Corp., 26 B.R. 644 (D.C.E.D.Wis.1983). Third, during the months of February and March, the defendants and third-party defendants renewed their motions for summary judgment pursuant to the Seventh Circuit's decision.
Most important for purposes of these motions, however, was the advent of the Wisconsin Supreme Court's holding in Hansen v. A.H. Robins Co., 113 Wis.2d 550, 335 N.W.2d 578 (1983). This holding was prompted by the certification of a question from the Seventh Circuit Court of Appeals pursuant to the newly-established procedure. Hansen was a products liability suit arising out of injuries allegedly caused by the defendant's Dalkon Shield. As in the instant case, the defendant challenged the action on untimeliness grounds. In contrast to the interpretations of § 893.205(1) adopted in the instant case, the Wisconsin Supreme Court held that tort claims under § 893.205(1) accrue on the date the injury is discovered or, with reasonable diligence, should be discovered, whichever occurs first. This interpretation of § 893.205(1) is somewhat more lenient to plaintiffs because a latent injury may be medically diagnosable long before it is reasonably discoverable.
Because jurisdiction over this action is predicated on diversity, I am bound by the law as established by the Wisconsin Supreme Court or the Wisconsin legislature. White v. Jacobsen Mfg. Co., 293 F.Supp. 1358 (E.D.Wis.1968). In deciding the issue raised by the motions before me, then, I shall apply the interpretation of § 893.205(1) established in Hansen, supra, and ignore contrary interpretations rendered by other courts. Because there is no *201 undisputed evidence showing that Reimer's injury was discovered or was reasonably discoverable three years before he commenced this action, the motions must be denied.
Defendant Owens-Corning Fiberglas Corporation has filed a supplemental brief in which I am urged to adhere to the Seventh Circuit's reading of § 893.205(1), notwithstanding the intervening change in the law. It raises two substantial arguments: (1) the Seventh Circuit's interpretation of the statute is the law of the case; and (2) the interpretation of § 893.205(1) established in Hansen should apply prospectively only.[4] Neither argument is persuasive.
The Seventh Circuit's reading of § 893.205(1) is not the law of the case. True, "[o]n remand, a trial court is bound by enunciations of law made at the appellate level." James Burrough Ltd. v. Sign of the Beefeater, Inc., 572 F.2d 574, 577 (7th Cir.1978), and, therefore, I am generally without power on remand to issue decisions of law that are contrary to the appellate court's mandate. Hayes v. Thompson, 637 F.2d 483 (7th Cir.1980). However, the law of the case doctrine is "... not an inexorable rule, and should not be applied where the law as announced is clearly erroneous, and establishes a practice which is contrary to the best interests of society, and works a manifest injustice in the particular case." United States v. Habig, 474 F.2d 57, 60 (7th Cir.), cert. denied, 411 U.S. 972, 93 S.Ct. 2145, 36 L.Ed.2d 695 (1973), quoting Luminous Unit Co. v. Freeman-Sweet Co., 3 F.2d 577, 580 (7th Cir.1924). See also Arizona v. California, ___ U.S. ___, ___ n. 8, 103 S.Ct. 1382, 1391 n. 8, 75 L.Ed.2d 318 (1983) (dicta). Thus, the doctrine does not apply where a court whose pronouncements are binding determines in another case that the established rule is erroneous. Bowles v. Good Luck Glove Co., 150 F.2d 853 (7th Cir.), cert. denied, 326 U.S. 794, 66 S.Ct. 484, 90 L.Ed. 483 (1945). For example, in Reid v. Volkswagen of America, Inc., 575 F.2d 1175 (6th Cir.1978) (per curiam), the Court of Appeals for the Sixth Circuit affirmed the district court's dismissal of a diversity action even though the district court based its order on an interpretation of Michigan law that directly conflicted with the mandate established in a prior appeal. In the Sixth Circuit's view, the dismissal was proper because an intervening decision of the Michigan Supreme Court "removed all doubt that may have existed previously as to the controlling rule of law in that State." Id. at 1176. See also Delano v. Kitch, 663 F.2d 990 (10th Cir.1981), cert. denied, 456 U.S. 946, 102 S.Ct. 2012, 72 L.Ed.2d 468 (1982). In light of this authority, I reject Owens-Corning's first contention.
I must also reject Owens-Corning's retroactivity argument. Generally, under Wisconsin law, a decision that overrules prior case law is given retroactive effect. Pagelsdorf v. Safeco Ins. Co. of America, 91 Wis.2d 734, 284 N.W.2d 55 (1979); Fitzgerald v. Meissner & Hicks, Inc., 38 Wis.2d 571, 157 N.W.2d 595 (1968). When the Wisconsin Supreme Court intends its pronouncements to apply prospectively only, it explicitly so indicates, see, e.g., Wangen v. Ford Motor Co., 97 Wis.2d 260, 300, 294 N.W.2d 437, 458 (1980); Widell v. Holy Trinity Catholic Church, 19 Wis.2d 648, 657, 121 N.W.2d 249, 254 (1963); Bielski v. Schulze, 16 Wis.2d 1, 19, 114 N.W.2d 105, 114 (1962), although this is not always so. See Fitzgerald, 38 Wis.2d 571, 157 N.W.2d 595, discussing Moran v. Quality Aluminum Casting Co., 34 Wis.2d 542, 150 N.W.2d 137 (1967). In Hansen, the Wisconsin Supreme Court did not indicate that its interpretation of § 893.205(1) was to have only prospective *202 effect, and I am thus inclined to hold that the general rule of retroactivity should apply. Nonetheless, because the Wisconsin Supreme Court has in subsequent proceedings occasionally limited its rulings effecting changes in the law, I must determine whether a Wisconsin court would hold that Hansen is to have retroactive effect. I conclude that Wisconsin courts would so hold.
Although retroactivity is the general rule, see Fitzgerald, 38 Wis.2d at 575, 157 N.W.2d at 597, Wisconsin recognizes a number of exceptions, see id.; Laabs v. Tax Commission, 218 Wis. 414, 261 N.W. 404 (1935). Foremost among these are the exceptions that apply (1) where particular persons have acted in reasonable reliance on the former rule of law and retroactivity would defeat their reliance interests, and (2) where retroactivity would unduly burden the administration of justice. See Fitzgerald, 38 Wis.2d at 576, 157 N.W.2d at 597. It is these two exceptions that Owens-Corning presses upon the Court in support of its argument for limiting Hansen. I find that neither of them is applicable.
First, contrary to defendant's contention, the fact that parties in other cases have substantially disposed of their claims through litigation or settlement in reliance on prior law does not of itself mandate exclusive prospective application. True, reliance by litigants may be a significant consideration where the rule of law subject to change is clear and of broad applicability and is likely the subject of numerous suits pending at the time the change was effected. See, e.g., Bielski v. Schulze, 16 Wis.2d 1, 114 N.W.2d 105 (1962) (modifying the law of contribution among tortfeasors and abolishing the doctrine of gross negligence). See also Fairchild, Recent Developments in the Area of Torts, 46 Marq.L. Rev. 1 (1962). In the present case, the statute in point covers a variety of personal injury actions. Yet the issue decided in Hansen arises only in a fairly limited range of situations; that is, where an injury is medically diagnosable but not reasonably discoverable by the injured party.
In contrast to defendant's argument, Wisconsin courts consider ordinary business practices when they speak of reliance in this context. Thus, the Wisconsin Supreme Court has denied retroactive effect to its ruling abolishing specific immunities, see, e.g., Widell v. Holy Trinity Catholic Church, 19 Wis.2d 648, 121 N.W.2d 249 (1963); Holytz v. Milwaukee, 17 Wis.2d 26, 115 N.W.2d 618 (1962); Kojis v. Doctors Hospital, 12 Wis.2d 367, 107 N.W.2d 292 (1961), ostensibly because it would be unfair to subject to liability those who in reliance upon the former rule did not purchase insurance or keep detailed accident records. See Fitzgerald, 38 Wis.2d at 579, 157 N.W.2d at 597; see also Annot., 10 A.L.R.3d 1384. In this case, the defendants and third-party defendants might, in the context of business planning, have calculated their exposure to compensatory damages, see Wangen v. Ford Motor Co., 97 Wis.2d at 285; 294 N.W.2d at 451 (1980), but a rational businessperson would not decline to obtain adequate insurance coverage or discard mitigating evidence in reliance on the statutory ambiguity resolved in Hansen.
The retroactive application of Hansen will not unduly burden the administration of justice. Claims will not be rejuvenated that were prejudicially dismissed under the former interpretation of § 893.205(1). Insofar as those claims were finally adjudicated by courts of competent jurisdiction, they are now res judicata and not subject to collateral attack, however erroneous the ratio decidendi may now appear to be. See Kriesel v. Kriesel, 35 Wis.2d 134, 150 N.W.2d 416 (1967). Hansen resolves the ambiguity in a limited situation, that is, where an injury is medically diagnosable but not yet reasonably discoverable by the injured party. Hansen does not do away completely with the limitations period; it requires that the plaintiff file suit within three years of the date upon which the injury became reasonably discoverable. Therefore, to give Hansen retroactive effect would not subject Wisconsin courts to an unmanageable flood of litigation.
*203 Given that no final judgment has been entered in this case, I conclude that the Seventh Circuit's holding in Neubauer is superseded by the Wisconsin Supreme Court's holding in Hansen. Moreover, I conclude that Wisconsin courts would give retroactive effect to Hansen. Because Hansen controls this case, and because the movants have not established that they are entitled to judgment as a matter of law under Hansen, the motions for summary judgment must be denied.
THEREFORE, IT IS HEREBY ORDERED that the defendants' and the third-party defendants' motions for summary judgment on the ground of untimeliness are hereby denied.
NOTES
[1] Numerous third-party defendants have filed supplemental motions for summary judgment, contending that there is no evidence that the injured plaintiff ever came into contact with their products. Resolution of these motions is reserved for another day.
[2] Wis.Stat. § 893.205(1) provided in part that a claimant must bring

Within 3 years:
(1) An action to recover damages for injuries to the person....
Effective July 1, 1980, this section was repealed and replaced by new § 893.54 which employs language identical to that in the excerpt quoted above. See 1979 Wis.Laws, Ch. 323, § 28.
[3] Wis.Stat. § 821.01 provides:

The supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States or the highest appellate court of any other state when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.
[4] Owens-Corning raises a third point  that the Reimers' cause of action was extinguished by the running of § 893.205(1) and cannot now be revived by Hansen. This argument is premised on the assumption that § 893.205(1) had run by the time the Reimers filed their complaint. Because I conclude that Hansen extends to this case, and because there has been no showing that the statutory period as established in Hansen had run by the time of filing, the assumption has no basis. Therefore, despite whatever merits this third point may have, it is dismissed as irrelevant.