PER CURIAM.
Promotora de Servicios, S.A., a Nicaraguan corporation, appeals the dismissal with prejudice of its complaint against Los Ranchos Restaurant, Inc., et al., a Florida corporation. Promotora brought its complaint for damages and injunctive relief under Section 32 of the Lanham Act of 1946, and under the laws of the State of Florida. We reverse the dismissal order, and remand with instructions to reinstate Promotora’s complaint. See § 495.181, Fla. Stat. (Supp.l998)(“It is the intent of the Legislature that, in construing this chapter, due consideration and great weight be given to the interpretations of the federal courts relating to comparable provisions of the Trademark Act of 1946 [the Lanham Act].... ”); James Burrough Ltd. v. Sign of the Beefeater, Inc., 572 F.2d 574, 578 (7th Cir.1978)(by reason of laches, plaintiff in trademark infringement action may lose right to recover dam *174 ages during period prior to suit, but upon a showing of infringement the plaintiff may still be entitled to injunctive relief and to damages and profits for the period subsequent to the filing of the suit); Great Southern Bank v. First Southern Bank, 625 So.2d 463 (Fla.l993)(analysis of state case based on federal eases decided under comparable provisions of the federal Lan-ham Act); 3 Callmann, Unfair Competition Trademarks and Monopolies §§ 19.19 (territorial expansion), 19.20 (actual goodwill zones: selling, advertising, and reputation zones); 4 Callmann, Unfair Competition Trademarks and Monopolies § 22.30, at 194 (the Lanham Act contains no statute of limitations period for trademark infringement); id. § 22.21 (laches — in general); id. § 87.5, at 157.
Reversed and remanded.